IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-02256-PAB

SHANNON HALEY,

   Plaintiff,

v.

AMERIPRISE AUTO & HOME INSURANCE,

   Defendant.

_____

# ORDER OF REMAND
_____

This matter is before the Court *sua sponte* on review of defendant's notice of removal, which claims that the Court has subject-matter jurisdiction based on diversity of citizenship and an amount in controversy in excess of $75,000 as required by 28 U.S.C. § 1332(a).  *See* Docket No. 1 at 2, ¶¶ 4, 5.

In every case and at every stage of a proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action.  *Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297, 1301 (10th Cir. 1980).  Generally, a party may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a) (2006).  Relevant to the present case, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ."  28 U.S.C. 1332(a) (2006).

It is well established that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Therefore, when a defendant removes a case from state court asserting the existence of diversity jurisdiction, the removing defendant has the burden of establishing that the jurisdictional prerequisites of § 1332 have been satisfied. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). If at any time, "a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005). Where uncertainties exist regarding the Court's jurisdiction, those uncertainties are resolved in favor of remand. *Martin*, 251 F.3d at 1290; *see also Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) ("[T]here is a presumption against removal jurisdiction.").

"Both the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the petition or the removal notice." *Laughlin*, 50 F.3d at 873. "The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." *Martin*, 251 F.3d at 1290 (quoting *Laughlin*, 50 F.3d at 873). When the plaintiff's damages are unspecified, the defendant must establish the jurisdictional amount by at least a preponderance of the evidence. *Martin*, 251 F.3d at 1290.

Plaintiff has not claimed a sum certain amount of damages in the complaint. *See generally* Docket No. 2. Therefore, the Court looks to the notice of removal to determine if defendant has "affirmatively established" the amount in controversy there.

*Laughlin*, 50 F.3d at 873.  In its attempt to establish the amount in controversy, defendant identifies the following: (1) the state court civil cover sheet indicates that plaintiff "is seeking a monetary judgment for more than $100,000," *see* Docket No. 1-3 at 1; (2) plaintiff seeks compensation pursuant to the "underinsured motorist coverage" provided by the insurance policy issued to her by defendant, and (3) non-economic damages sought by plaintiff are capped by state law at an amount exceeding $75,000."  Docket No. 1 at 2-3.  These assertions are insufficient to establish this Court's jurisdiction.

As an initial matter, state court civil cover sheets, by themselves, do not affirmatively establish the amount in controversy.  *See Baker v. Sears Holdings Corp.*, 557 F. Supp. 2d 1208, 1210 (D. Colo. 2007); *Bauer v. Kipling*, No. 10-cv-01615-WYD-MEH, 2010 WL 2867868, at *2 (D. Colo. July 21, 2010); *Graff v. Allergan, Inc.*, No. 10-cv-01296-CMA-BNB, 2010 WL 2400063, at *1 (D. Colo. June 14, 2010); *Asbury v. American Family Mut. Ins. Co.*, No. 08-cv-01522-REB-CBS, 2009 WL 310479, at *1-2 (D. Colo. Feb. 9, 2009).  Therefore, defendant must cite some additional evidence of the amount in controversy.  Defendant's remaining assertions, however, fail to provide any basis to determine the actual amount at issue in this case.  Defendant identifies plaintiff's claim for coverage under her underinsured motorist coverage, but fails to state the amount of that coverage or her insurance claim.  *See* Docket No. 2 at 2, ¶ 13 (where plaintiff alleges that she "advised Defendant of a claim for under-insured motorist benefits).  Nor does defendant estimate the potential total of

the other damages plaintiff seeks under her breach of contract claim.[1] Defendant's reliance on the non-economic damages cap provided by Colorado law is also unavailing. The cap does not speak to the likely value of plaintiff's claims for non-economic damages in this case, and defendant provides no estimate or basis to calculate what it believes plaintiff is seeking in non-economic damages.

For the foregoing reasons, defendant has failed to establish this Court's jurisdiction. Where a case has been removed from state court and a court determines any time prior to final judgment that jurisdiction is lacking, 28 U.S.C. § 1447(c) mandates that the case be remanded to state court. *See McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008). Therefore, it is

**ORDERED** that, due to this Court's lack of subject-matter jurisdiction, this case is REMANDED to the District Court for Pueblo County, Colorado, where it was originally filed as Case No. 2011CV510, Division C.

DATED August 31, 2011.

BY THE COURT:

  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[1] Defendant notes that plaintiff has brought an unjust enrichment claim implicating "either her premiums and/or her underinsured or uninsured motorist benefits." Docket No. 1 at 3, ¶ 9. Defendant does not inform the Court of the amount of either the premiums or of the identified benefits.

4